## Chicago & J. U. T. Co. v. John Mullett.

1. VERDICTS—*Conclusive upon Questions of Due Care and Negligence.*—The question as to whether due care was observed by one person and negligence was committed by another, are questions of fact, and when determined by the jury upon conflicting testimony, in the absence of error on the part of the court, must be considered as settled.

**Action in Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed October 27, 1899.

Alexander Sullivan, attorney for appellant; Edward J. McArdle, of counsel.

Gemmill, Barnhart & Foell, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the court.

The appellee, as plaintiff, recovered a verdict and judgment for $2,500 against appellant for injuries to his person.

He was riding in a buggy hitched behind a wagon drawn by a horse upon and along West Fulton street, Chicago.

An electric car, belonging to appellant, approached from behind and ran into and overthrew the buggy, thereby causing the injuries complained of.

Appellant, by express statement in the brief in its behalf, relies wholly upon the two points argued by its counsel, that error was committed by the trial court in refusing to give the peremptory instruction to find the defendant not guilty, asked for in apt time by the plaintiff, and that the verdict is against the law and the evidence.

The collision and consequent injuries to plaintiff are not controverted, nor the amount of damages awarded, and no error in respect to other instructions, or in receiving or rejecting evidence, is claimed. The accident happened in the night-time, and it can not be contended that the car was not moving at a high rate of speed, for the motorman having it in charge testified: "We were going very near full speed when I struck it."

Whether the plaintiff was in the exercise of due care, and whether the defendant was guilty of negligence, are the issues argued by appellant.

The theory of the appellant is that the horse and wagon, with the buggy and the appellee behind, came into and upon West Fulton street and the tracks from an intersect-

ing street, suddenly, and so close upon the moving car as to make the collision unavoidable.

There was testimony tending to support such theory, but an equal or greater number of witnesses testified to the contrary, and that plaintiff had traversed West Fulton street for a very considerable distance before the point of the accident was reached.

What the truth is in such respect, and whether due care was observed by the plaintiff, and negligence was committed by defendant, was determined by the jury upon the conflicting testimony of numerous witnesses. We have examined all the evidence the abstract of the record contains, and find no sufficient reason for disturbing the verdict. Nothing remains but to affirm the judgment. Affirmed.